# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:13-cv-40-RJC

| | |
|---|---|
| CHARLES A. RIPPY-BEY, <br> THE NOBLE MOORS OF <br> THE "BEY" AND "EL" TRIBES, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF NORTH CAROLINA, <br> ROY COOPER, et al., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on a review of Plaintiff's pleading seeking an award of monetary damages and release from the custody from the State of North Carolina. For the reasons that follow, this action will be dismissed.[1]

## I.  BACKGROUND

On March 6, 2013, Plaintiff filed a complaint challenging the duration of his confinement in the custody of the North Carolina Department of Public Safety ("NC DPS"), and seeking various awards of monetary compensation based on his continued confinement. According to the website of the NC DPS, Plaintiff is serving a life sentence of imprisonment following his conviction on a charge of first-degree sexual offense (principal) in Catawba County Superior

---

[1] All references to "Plaintiff" in this Order are in regard to Charles A. Rippy-Bey.

Plaintiff appears to characterize this action as one under Section 1983. However, as discussed herein, to the extent he is challenging the duration of his custody and contends that his continued, or prolonged custody, violates the U.S. Constitution or applicable federal law this is, the Court finds, an action which sounds in habeas and is properly considered under 28 U.S.C. § 2254. See Rule 1(a)(1) of the Rules Governing Section 2254 Proceedings (providing that a person seeking to challenge his custody under a state-court judgment as in violation of the federal law proceeds under Section 2254).

1

Court on September 27, 1993.

Plaintiff did not file a direct appeal from his conviction; rather he belatedly pursued failed motions for appropriate relief in Catawba County Superior Court some ten years following the entry of his criminal judgment. In a Section 2254 petition, filed in the Western District on November 19, 2007, Plaintiff asserted claims that his plea of guilty to the sexual offense charge was not voluntary and was based, in part, on ineffective assistance of counsel. In an Order filed December 4, 2007, the Honorable Graham C. Mullen found that Plaintiff's habeas proceeding was untimely and could not be saved by equitable tolling. Accordingly, the Court dismissed his petition and Plaintiff noted an appeal to the United States Court of Appeals for the Fourth Circuit. See (5:07-cv-125-GCM, Doc. No. 2). On October 3, 2008, the Fourth Circuit dismissed his appeal in a per curiam decision. Rippy, Jr. v. Anderson, 295 F. App'x 591 (4th Cir. 2008) (unpublished).

On October 1, 2012, Plaintiff filed a case in this district under 42 U.S.C. § 1983. In an Order dismissing his complaint, this Court summarized Plaintiff's history of litigation in the federal courts in North Carolina. In this district alone, Plaintiff has filed five actions, notwithstanding the present case.[2] In Case No. 5:10-cv-19-GCM, the Court dismissed Plaintiff's complaint which alleged constitutional claims against state actors after finding that Plaintiff had not, in fact, alleged a cognizable claim for relief. The complaint was therefore dismissed for failure to state a claim.

---

[2] Three of Plaintiff's cases were dismissed on grounds other than those specified under 28 U.S.C. § 1915A(b)(1). See Case No. 1:08-cv-182-GCM (dismissal without prejudice for improper venue); Case No. 5:07-cv-125-GCM (dismissal of habeas petition under 28 U.S.C. § 2254 as being untimely); and Case No. 5:09-cv-52-GCM (dismissal as successive habeas petition or, in the alternative as a rambling and incoherent civil action).

Turning to the Eastern District, the Court found that Plaintiff had three (3) complaints dismissed as frivolous under 28 U.S.C. § 1915. In Case No. 5:09-ct-03149-BO, the Court dismissed Plaintiff's § 1983 complaint as frivolous under Section 1915. (Doc. No. 6). In Case No. 5:10-ct-03065-D, the Court dismissed Plaintiff's Section 1983 complaint as frivolous under Section 1915A. (Doc. No. 7). And in Case No. 5:11-ct-3011-FL, the Court determined that Plaintiff's complaint could not survive frivolity review under Section 1915, and it was dismissed. All three of these cases are final as Plaintiff did not appeal and the time for doing so has long since expired.

It is clear from Plaintiff's pleading that he is seeking both monetary damages and an order of immediate release. Claims affecting the fact or duration of confinement generally may not be litigated under Section 1983. See, e.g., Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). In Preiser, the Supreme Court examined the overlap between a case filed pursuant to Section 1983 and a case filed pursuant to 28 U.S.C. § 2254. The Court found that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate release.

In Heck v. Humphrey, the Court considered the question of whether damages could be awarded in a Section 1983 action, and concluded that in order to recover damages for an allegedly unconstitutional sentence of imprisonment, a plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal; or (4) called into question by a federal court's issuance of a § 2254 writ. Id. at 486-87. The Court continued by noting that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would

3

necessarily imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. The Supreme Court later clarified that Section 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In Wilkinson, the Court again emphasized that habeas corpus was indeed the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82.

The Court finds that as Plaintiff seeks monetary damages for his continued confinement under § 1983, it must be dismissed for the reasons stated above. And to the extent any of Plaintiff's claims escape the foregoing authority, his claims must be dismissed under the provisions of the Prisoner Litigation Reform Act ("PLRA") because Plaintiff has filed three complaints § 1983 which have been dismissed under 28 U.S.C. § 1915A(b)(1); the cases are final either after being affirmed on direct review or for failure to file a timely appeal; Plaintiff filed to proceed *in forma pauperis* in each case; and at all times Plaintiff was a prisoner of the State of North Carolina. The PLRA provides little discretion to the district courts to entertain a complaint from a prisoner with Plaintiff's filing history. The PLRA provides,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

To the degree that Plaintiff is challenging his confinement pursuant to a petition for habeas corpus pursuant to § 2254, it would appear that this effort represents an unauthorized, successive petition. Rule 4 of the Rules Governing Section 2254 Proceedings directs habeas courts to promptly examine habeas petitions. 28 U.S.C.A. foll. § 2254. When it plainly appears from an examination of any such petition and any attached exhibits that petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id. Following this directive, the Court has reviewed the portions of the complaint which challenge the State's custody of Plaintiff and find that such portions must be dismissed as an unauthorized, successive petition.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." As noted, Petitioner previously filed an unsuccessful § 2254 petition which was dismissed by Judge Mullen, and that determination was upheld by the Fourth Circuit. Plaintiff has provided no evidence that he has secured the necessary authorization to file a successive petition and any claims regarding his continued custody will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

    The Clerk of Court is respectfully directed to close this case.

Signed: May 17, 2013

Robert J. Conrad, Jr.
Chief United States District Judge